**Wanda S. SELF, Plaintiff–Appellant,**

v.

**Charles Cooper SELF, Defendant–Appellee.**

Supreme Court of Tennessee,
at Nashville.

Aug. 30, 1993.

Mary Frances Lyle and David R. Lyle, Bruce, Weathers, Corley, Dughman & Lyle, Nashville, for plaintiff-appellant.

Charles H. Warfield and James G. Martin, III, Farris, Warfield & Kanaday, Nashville, for defendant-appellee.

### OPINION

REID, Chief Justice.

The trial court found a rehabilitative alimony award payable monthly for 48 months or until the remarriage or death of the wife, whichever should occur first, to be alimony *in solido*, not subject to subsequent modification. The Court of Appeals reversed. This Court finds that the record supports the trial court's determination that the award is not subject to modification.

Wanda S. Self, the plaintiff, was granted an absolute divorce from the former husband, Charles C. Self. During their marriage of 28 years, the parties accumulated an estate that included a residence in Franklin, a farm, and several businesses operated by Mr. Self. The trial court divided the marital property by awarding the residence and furnishings to the former wife, the farm and business properties to the former husband, and the cash and other personal property so as to make an equitable division pursuant to T.C.A. § 36–4–121 (1991).

After reciting the statutory factors applicable to the awarding of alimony, the court found that:

> the wife is both capable of and entitled to rehabilitation, within the meaning of *Tennessee Code Annotated*, Section 36–5–101(d).

The court ordered:

> The husband should equitably contribute to the wife's support in the form of alimony *in solido* by paying directly to the wife the sum of $3,000.00 per month for forty-eight (48) months from the date of the entry of the final order in this case. This will, if Mrs. Self desires, allow support for her in an amount sufficient to allow her to be self supporting and obtain a Bachelor's Degree in a field of her choosing. The Court feels that the husband is the cause of this divorce which necessitated the wife filing for divorce under the circumstances manifested during the course of the marriage and she should be rehabilitated to such an extent that she can be gainfully employed and after four years take her place in the economic market place. The parties shall treat these payments as alimony for all purposes including tax purposes. These payments shall cease on the wife's death or remarriage or upon the expiration of a term of forty-eight (48) consecutive months from the entry of the final order, which ever occurs first.

The trial court denied Mrs. Self's post-trial motion to revise the decree to provide "for an award of *in futuro* periodic alimony rather than ... rehabilitative alimony as awarded by the Court." The court, however, did amend the decree to require Mr. Self to

purchase a decreasing term life insurance policy in the original amount of $144,000, being the sum of 48 monthly payments of $3,000, to insure the payment of the award in the event of Mr. Self's death. The decree contained no provision retaining jurisdiction. There was no appeal from the final decree, as amended, which was entered on July 9, 1987.

On January 22, 1991, Mrs. Self filed a petition to extend the rehabilitative alimony payments on the grounds that even though she had made a good faith effort, she had not become rehabilitated. The trial court dismissed the petition, finding that the petition

is not well taken due to the fact that this Court has lost jurisdiction in said matter, and that the Court ordered alimony *in solido* paid for a certain number of months and in a certain amount. The Court in its Final Decree ordered $3,000.00 a month for 48 months—no less, and no more, no longer and no shorter. The Court in its opinion could not be more precise in its Order. Alimony was to be for a specific time and a specific amount and for no longer.

The Court of Appeals reversed, holding that the provision in the decree that the award would terminate upon the wife's death or remarriage rendered the duration of the payments uncertain and prevented the award "from being *in solido* and, further, that the trial court retained jurisdiction to modify the award."

The critical factor in determining whether an award for the support and maintenance of a former spouse is subject to modification is the initial finding by the trial court regarding the relative economic conditions of the parties and the feasibility of rehabilitation of the disadvantaged spouse. T.C.A. § 36–5–101(d) (1992) provides "that a spouse who is economically disadvantaged relative to the other spouse [shall] be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance." That section continues:

Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for

payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3). . . .

Under the statute, long-term support and maintenance is appropriate only where there is relative economic disadvantage and rehabilitation of the disadvantaged party is not feasible. The trial court is assigned the responsibility and the discretion to fashion an award that is appropriate under the circumstances of each case. T.C.A. § 36–5–101. The circumstances of the parties as found by the trial court, particularly the potential for rehabilitation of one who is economically disadvantaged, rather than the particulars of the award, determine if the award is subject to modification.

The statute reflects an obvious legislative policy that, if possible, the dependency of one ex-spouse on the other be eliminated and both parties be relieved of the impediments incident to the dissolved marriage, and that an ex-spouse be adjudged permanently dependent upon the other only when the court granting the divorce finds that economic rehabilitation is not feasible and long-term support is necessary.

The trial court in this case found that Mrs. Self was economically disadvantaged relative to Mr. Self—that Mrs. Self was "untrained" and had "no marketable skills," while Mr. Self had "expert professional skills" and "unlimited earning capacity." The court also found that Mrs. Self was "both capable of and entitled to rehabilitation." The award of $3,000 per month for four years would, the court found, "allow her to be self supporting and obtain a Bachelor's Degree in a field of her choosing" and "after four years take her place in the economic marketplace." These findings, under the statute, constitute the basis for rehabilitative, temporary support and maintenance, rather than support and maintenance on a long-term basis.

Mrs. Self insists, and the Court of Appeals held, that since the decree provides that the payments will terminate upon Mrs. Self's death or remarriage, the uncertainty of the duration of the payments prevents the award from being characterized as *in solido*. This

argument gives credence to form rather than substance. Even though some prior decisions have distinguished awards as *in solido* or *in futuro* by the definiteness of the term of the award, that distinction actually reflects the essential purpose of each award—rehabilitative support is designed to accomplish a stated result within a limited time, while *in futuro* support continues the support that was incident to the marriage relationship.

In the case of *Isbell v. Isbell*, 816 S.W.2d 735 (Tenn.1991), the award was $900 a month for four years so that the ex-wife could obtain a degree in nursing. However, in the third year of the term, the former wife discontinued her nursing studies and remarried. In reversing the Court of Appeals' decision holding that the award was subject to modification upon the showing of a change in circumstances, this Court held:

> "The mere fact that the lump sum amount is payable in installments is neither conclusive nor determinative regarding its status as *in solido* or *in futuro*."

*Id.* at 738. The court further stated:

> Where rehabilitative support is awarded, it may be made subject to conditions imposed by the court or agreed to by the parties. But where the rehabilitative award has been made for a fixed amount, the award must be considered non-modifiable, even if it is to be paid in installments and not in a lump sum. The certainty that results from such a rule benefits both parties, allowing each to make long-range financial plans for their own futures and for the future of any children affected by the break-up of the marriage. Unnecessary disruption of financial plans and expectations does not serve the policy fostered by the legislature in its efforts to provide rehabilitation for economically disadvantaged family members faced with marital dissolution.

*Id.* at 739.

In *Towner v. Towner*, 858 S.W.2d 888 (1993), the Court found the purpose of the award to be determinative rather than its contingencies or method of payment. The Court stated:

> [T]he mere fact that the duration of the specified monthly payments is determined by [the former husband's life] does not

necessarily mean that the provision is subject to modification. The statute, as construed by the Court in *Isbell*, permits awards that are not subject to modification based on the need for certainty and finality. Susceptibility to modification is not totally dependent upon the duration of payments. Consideration of all relevant factors, including those set out in T.C.A. § 36–5–101(d), may require or justify definite periodic payments on a long-term basis not subject to modification.

*Id.* at 890.

The courts in two other jurisdictions have found that temporary support awards could not be modified even though continued payment was subject to certain contingencies. In *Ressler v. Ressler*, 17 Ohio St.3d 17, 476 N.E.2d 1032, 1033 (1985), the Ohio Supreme Court stated:

> [W]e hold that a decreeing court does not have continuing jurisdiction to modify a sustenance alimony award that was made for a fixed period of years even though the award is subject to termination in the event of death, remarriage or cohabitation unless the decreeing court expressly reserves jurisdiction to modify. In so ruling we are promoting the concept that alimony decrees should possess a degree of finality and certainty.

Likewise, the Michigan Court of Appeals, in *Turner v. Turner*, 180 Mich.App. 170, 446 N.W.2d 608 (1989), rejected the position taken by Mrs. Self.

> Several panels of this Court have adopted a bright-line approach to distinguish periodic alimony from alimony in gross: if the alimony provision contains a contingency, i.e., the payee spouse's survival or remaining unmarried, then the alimony is deemed to be periodic alimony. Contingencies, according to those panels, clearly evidence either the parties' or the trial court's intent to create periodic alimony. Moreover, the reasoning behind that rule is that, if the continuation of monthly payments is subject to a contingency, the actual amount of the obligation is not ascertainable and, thus, cannot be considered alimony in gross.

. . . .

On the other hand, two panels of this Court recently have endorsed a different approach: one which focuses on the intent behind the alimony provision regardless of a survivorship contingency. The number and type of contingencies, though, should be considered in determining the intent. . . .

. . . We conclude that, in order to give effect to the parties' intent, we must affirm the trial court's ruling that the provision in this case provided for alimony in gross, even though in so doing we depart from prior decisions of several panels of this Court. We do not believe that the dual contingency in this case [death and remarriage,] conclusively showed the parties' intent to create periodic alimony.

*Id.* 446 N.W.2d at 609–10 (citations omitted).

In this case, the decree entered in the trial court specifically stated that the award was alimony *in solido,* it provided for monthly payments in a definite amount for 48 consecutive months unless Mrs. Self should remarry or die prior to the expiration of that time. This provision does not defeat the specific finding by the trial court that the purpose of the award was that Mrs. Self "be rehabilitated to such an extent that she can be gainfully employed and after four years take her place in the economic marketplace."

This clearly stated intent to provide rehabilitation was recognized by Mrs. Self in her post-trial motion, and it was re-emphasized by the trial court in the order denying her petition to extend the payments, which correctly states that the court "could not be more precise in its Order." Mrs. Self's assertion that she has not become rehabilitated is not the relevant issue. Her claim to permanent support was foreclosed on the finding that she was subject to economic rehabilitation. The court determined that the certainty of an award considered sufficient to enable her to become economically self-sufficient within the limited time, was more appropriate than a long-term award which would be subject to being increased or decreased upon a change of circumstances. Mrs. Self did not exercise her right to appeal from that determination by the trial court.

The result is that the award is not subject to modification.

A third class of spousal support has been created by Chapter 243 of the 1993 Public Acts of the State of Tennessee, which amends T.C.A. § 36–5–101(d), effective April 30, 1993, as follows:

Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony *in solido* and periodic alimony.

The amendment further provides:

An award of rehabilitative, temporary support and maintenance shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, or extended, or otherwise modified upon a showing of substantial and material change in circumstances. Rehabilitative support and maintenance shall terminate upon the death of the recipient. Such support and maintenance shall also terminate upon the death of the payor unless otherwise specifically stated. The recipient of the support and maintenance shall have the burden of proving that all reasonable efforts at rehabilitation have been made and have been unsuccessful.

Although that amendment is not before the Court in this case, it appears the legislature has specifically given trial courts the authority to order awards designed to accomplish the rehabilitation of a spouse found to be economically disadvantaged but which remain subject to modification by the court upon a showing of "substantial and material change in circumstances." This option obviously sacrifices the certainty incident to an award of "alimony *in solido* " for the continued monitoring of the parties' circumstances by the court, upon the charge by either party of a change in circumstances. Perhaps the courts now have even more flexibility in designing suitable financial arrangements for the dissolution of marriages. Obviously, great care should be exercised by counsel and trial courts in crafting decrees. The decree should reflect the court's findings with regard to the circumstances of the parties, the purpose or expected results of the relief granted, and the specific benefits

granted to and obligations imposed upon the respective parties. In addition to the rights and obligations of the parties with respect to each other, the liability for taxes, the rights of creditors, and other significant consequences may depend upon the preciseness of the language employed in the decree. Construction by the courts of uncertain and ambiguous language is a poor substitute for careful articulation.

The judgment of the Court of Appeals is reversed, and the judgment of the trial court is reinstated.

Cost are taxed to the appellee.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.