IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION AT KNOXVILLE

**FILED**

**March 5, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

LYNDA DIANE SCHMIDT,     )

       )     BRADLEY CIRCUIT

     Plaintiff/Appellant     )

       )     No. 03A01-9510-CV-00359

v.     )

       )

GLENN VERN SCHMIDT,     )

       )     MODIFIED

     Defendants/Appellee     )

Selma Cash Paty, Chattanooga, For the Appellant

Barrett T. Painter, Cleveland, For the Appellee

## O P I N I O N

INMAN, Senior Judge

The trial court awarded the plaintiff rehabilitative alimony of $1,000.00 monthly for 24 months. The plaintiff appeals, insisting that the award is (1) inadequate to her needs and (2) should have been *in futuro*. No other issue is presented.

### I

We review the case *de novo* with the presumption that the judgment is correct unless the evidence preponderates against it. TENN. R. APP. P. 13(d); *Duncan v. Duncan*, 686 S.W.2d 568, 571 (Tenn. App. 1985).

Rehabilitative alimony is a separate class of spousal support, as distinguished from periodic, or *in futuro,* alimony, and where there is such relative economic disadvantage that rehabilitation is not feasible in consideration of all the relevant factors, the court is authorized to order support and maintenance on a long-term basis. TENN. CODE ANN. § 36-5-101(d)(1). A host of factors are required to be

considered in making the award, including the ages of the parties, duration of the marriage, physical and mental condition, relative earning capacity, needs and the ability to pay. *Self v. Self*, 861 S.W.2d 360, 361 (Tenn. 1993).

## II

The parties were married in 1969, in London. The appellant was 23 years old, as we deduce; the record does not reveal the age of the appellee. They have two children, both of age.

The appellant completed her schooling at age 15. She worked as a hairdresser before marriage and has no significant job skills. She is training as a masseuse.

She and her husband resided in England for six weeks before moving to the United States. During the next quarter century, they resided in various cities in this country, in Holland and in South Africa, where the appellee followed his engineering profession. The appellant says that she suffers from depression, but offered limited proof of the fact. She has been treated at various facilities for several years and says that on occasion she is emotionally drained. The appellee readily agreed that his wife was ill, had required treatment in the past and would likely continue to require treatment.

The appellant has no income presently. A reasonable living standard--less than the marital one--requires funds of about $2,000.00 monthly. The appellee's income as a project engineer for the Olin Corporation is between $90,000.00 and $100,000.00 yearly. Taking into consideration, on the one hand, the age of the appellant, the duration of the marriage, her mental condition, limited earning capacity and her needs and, on the other hand, the earning capacity and income of the appellee, we think the alimony award should be increased to $1500.00, and awarded as periodic, rather than as rehabilitative. The judgment will be amended accordingly.

As modified, the judgment is affirmed, with costs assessed to the appellee.

_____
William H. Inman, Senior Judge

Concur:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge