CHONG Y. STRUCK,                    )
                                    )
        Plaintiff/Appellant,        )
                                    )        Appeal No.
                                    )        01-A-01-9612-CH-00547
VS.                                 )
                                    )        Rutherford Chancery
                                    )        No. 94DR-948
GARY L. STRUCK,                     )
                                    )
        Defendant/Appellee.         )

FILED

**July 2, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF RUTHERFORD COUNTY
AT MURFREESBORO, TENNESSEE

THE HONORABLE ROBERT E. CORLEW, III, CHANCELLOR

BRAD W. HORNSBY
BULLOCK, FLY & McFARLIN
301 North Spring Street
Murfreesboro, TN 37133-0398
        Attorney for Plaintiff/Appellant

DICKEN E. KIDWELL
300 East Vine Street
Murfreesboro, TN 37130
        Attorney for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# **O P I N I O N**

The question in this case is whether the alimony set by the court was subject to modification. The trial judge terminated the alimony upon the wife's remarriage. We affirm.

## I.

In a divorce granted on December 28, 1994 the court ordered the husband to pay the wife $200 per month as spousal support until the sale of the marital home (in which the wife was allowed to live). He was also ordered to make the monthly mortgage payments of $550 on the house. When the house sold, the husband was ordered to pay the wife $750 per month for the balance of a twenty-four month period measured from the date of the divorce. For a subsequent twenty-four month period, the court ordered the husband to pay $500 per month; then, for an additional sixty months the husband had to pay $250 per month.

In March of 1995 the parties entered an agreed order which modified the final decree in the following way:

> 2. Defendant will convey unto plaintiff all of his right, title and interest in the residence of the parties.
>
> 3. Defendant will be given credit of $250 per month on his alimony payments of $750 per month for a period of 12 months beginning April, 1995; thereafter defendant will pay unto plaintiff the sum of $750 for eight months, thus complying with the court's order to pay the sum of $750 per month for 24 months, less those months wherein the defendant paid the house payment and $200 per month to the plaintiff for support as ordered in the final judgment of divorce. Thereafter the defendant will pay the plaintiff the sum of $500 per month as spousal support for 24 months, and then he must be responsible for the payment of $250 per month for a period of 60 additional months.

In April of 1996, the husband moved to terminate the alimony payments because the wife had remarried. The trial judge granted the motion.

## II.

The wife asserts on appeal that the award in the March 1995 order was alimony in solido and was not subject to modification or termination. *See Self v. Self*, 861 S.W.2d 360 (Tenn. 1993); *Isbell v. Isbell*, 816 S.W.2d 735 (Tenn. 1991). It is arguable, however, that a 1993 statute would have changed the result in both cases. It provided:

> An award of rehabilitative, temporary support and maintenance shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances. Rehabilitative support and maintenance shall terminate upon the death of the recipient. Such support and maintenance shall also terminate upon the death of the payor unless otherwise specifically stated. The recipient of the support and maintenance shall have the burden or proving that all reasonable efforts at rehabilitation have been made and have been unsuccessful.

Tenn. Code Ann. § 36-5-101(d)(2).

After the passage of the statute, an award of temporary, rehabilitative support remains within the court's control even though it is in the form of an in solido award (for a certain sum and for a fixed amount of time). Therefore, the question becomes one of whether the award in this case was rehabilitative and temporary.

The trial judge found as a fact that the purpose of the award was rehabilitation, and we think the trial judge is in the best position to construe his or her own orders. We are satisfied that the trial judge was correct.

There was no proof offered on the motion to terminate, other than a stipulation that the wife had remarried. In our opinion remarriage is a substantial and material change of circumstances.[1] Without some proof that the rehabilitative support was still needed we cannot say that the evidence preponderates against the trial judge's finding that the spousal support should be terminated.

The judgment of the court below is affirmed, and the cause is remanded to the Chancery Court of Rutherford County for any further proceedings necessary. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:



_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION



_____
WILLIAM C. KOCH, JR., JUDGE

---

[1] We do not take any position on the question of whether the alimony ordered in this case automatically terminated under the provisions of Tenn. Code Ann. § 36-5-101(a)(2)(B). It is arguable that that section applies only to alimony in futuro or alimony "the amount of which is not calculable on the date the decree was entered."

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


CHONG Y. STRUCK,                           )
                                           )
        Plaintiff/Appellant,               )
                                           )        Appeal No.
                                           )        01-A-01-9612-CH-00547
VS.                                        )
                                           )        Rutherford Chancery
                                           )        No. 94DR-948
GARY L. STRUCK,                            )
                                           )
        Defendant/Appellee.                )


## ORDER ON PETITION TO REHEAR


The appellant has filed a petition to rehear, which we have considered and found to be without merit.


It is, therefore, ordered that the petition to rehear be overruled.


ENTER this _____ day of July, 1997.


                                    _____
                                    HENRY F. TODD, PRESIDING JUDGE
                                    MIDDLE SECTION


                                    _____
                                    BEN H. CANTRELL, JUDGE


                                    _____
                                    WILLIAM C. KOCH, JR., JUDGE