IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE
_____

| | |
|---|---|
| **JIMMIE WAYNE WIGGINTON,** | Stewart Chancery No. 95-7-154 |
| | The Honorable Allen W. Wallace, |
| Plaintiff-Appellant, | Judge |
| | C.A. No. 01A01-9704-CH-00163 |
| Vs. | ***AFFIRMED AND REMANDED*** |
| **NELLIE FAYE WIGGINTON,** | Gregory D. Smith of Clarksville |
| | For Appellant |
| Defendant-Appellee. | |
| | Clifford K. McGown, Jr. of Waverly |
| | For Appellee |

_____

MEMORANDUM OPINION[1]

_____

**FILED**

**December 31, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

*CRAWFORD, J.*

This is a divorce case. Jimmie Wayne Wigginton appeals the order of the trial court awarding wife alimony in the amount of $1,000 per month for approximately ten years and $10,000 in attorney fees.

In September 1995, after nearly twenty-three years of marriage, Appellant, Jimmie Wigginton, filed for an absolute divorce from his wife on the grounds of irreconcilable differences and inappropriate marital conduct. Nellie Wigginton's motion for temporary support and possession of the marital home was granted pending the outcome of the suit. Mrs. Wigginton filed an answer admitting that the parties had irreconcilable differences but denying that she was guilty of inappropriate marital conduct. She also filed a counter-complaint seeking a divorce from bed and board. Mrs. Wigginton later sought a temporary restraining order prohibiting Mr. Wigginton from squandering the parties' assets through stock purchases and conveyances to third parties. Pursuant to Mrs. Wigginton's motion to amend her counter-complaint, an agreed order was entered permitting her to amend her counter-complaint to add the ground of adultery and request an absolute divorce from Mr. Wigginton. After a hearing in which Mr. Wigginton admitted his adultery, his complaint for divorce was stricken. The parties stipulated that Mrs.

_____

[1]Rule 10 (Court of Appeals). Memorandum Opinion. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Wigginton was entitled to a divorce on the ground of adultery, and an absolute divorce was granted on October 21, 1996.

In addition to dividing the marital property, the divorce decree ordered Mr. Wigginton to pay $1,000 per month in alimony until Mrs. Wigginton reached age 65 (approximately ten years), as well as $10,000 toward Mrs. Wigginton's attorney's fees. Mr. Wigginton appeals the judgment of the trial court asserting that the award of alimony was excessive and the award of attorney fees was unjustified and/or excessive.

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against these findings, we must affirm, absent error of law. T.R.A.P. 13(d).

The factors used to determine the proper amount of maintenance and support are found in T.C.A. § 36-5-101 (d)(1) (1996) which provides:

> (d)(1) It is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance. Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3). Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony. In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:
>
> (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
>
> (B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
>
> (C) The duration of the marriage;
>
> (D) The age and mental condition of each party;
>
> (E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic

debilitating disease;

(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I) The standard of living the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

The courts generally set the amount of support based on the needs of the innocent spouse and the ability of the obligor spouse to pay. "If one spouse is economically disadvantaged compared to the other, the courts are generally inclined to provide some type of support." *Batson v. Batson*, 769 S.W.2d 849, 861 (Tenn. App. 1988). Although there is a legislative preference for providing only rehabilitative alimony, it is appropriate to award alimony *in futuro* if rehabilitation is not feasible. T.C.A. § 36-5-101(d)(1) (1996); *Self v. Self*, 861 S.W.2d 360, 361 (Tenn. 1993).

The trial court correctly determined that Mrs. Wigginton should be awarded alimony *in futuro* until she reaches retirement age. The transcript of the divorce hearing indicates that the trial court thoughtfully considered all relevant factors before making the alimony award. Factors of particular note include: the length of the marriage; the fact that all fault was attributed to Mr. Wigginton; that Mrs. Wigginton was underemployed because she sacrificed her career to follow her husband around the country in furtherance of his career; and the probability that given Mrs. Wigginton's age and work experience, rehabilitation is not likely. The amount of the award is reasonable under the facts and circumstances and will not be disturbed.

Mr. Wigginton also appeals the award of $10,000 toward Mrs. Wigginton's attorney fees

asserting that the award is unjustified and/or excessive. Attorney fee awards are treated as alimony. In determining whether to award attorney fees, the trial court should again consider the relevant factors in T.C.A. § 36-5-101(d)(1). *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. App. 1995). These awards are within the sound discretion of the trial court, and unless the evidence preponderates against the award, it will not be disturbed on appeal. *Id*.

Furthermore, the record indicates that extra fees were incurred to compel discovery and because Mrs. Wigginton was forced to seek a restraining order to prevent Mr. Wigginton from squandering marital assets. The evidence does not preponderate against the award of attorney fees in this case and we find no abuse of discretion.

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**ALAN E. HIGHERS, JUDGE**

_____
**HEWITT P. TOMLIN, JR.**
**SENIOR JUDGE**