# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 9, 2010 Session

## MARY ELIZABETH SCHWARTZ BROCK v. JEFFERY BROCK

**Appeal from the Circuit Court for McMinn County**
**No. 26484     Lawrence H. Puckett, Judge**

---

**No. E2009-01128-COA-R3-CV-FILED-AUGUST 12, 2011**

---

In this divorce case, the husband appeals the trial court's award of spousal support and attorney's fees to the wife. The husband claims his inability to pay outweighs the wife's need for spousal support. After reviewing the record, we find the evidence does not preponderate against the trial court's decision to award spousal support and attorney's fees to the wife. Therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Barrett T. Painter, Cleveland, Tennessee, for the appellant, Jeffery Brock.

D. Mitchell Bryant, Athens, Tennessee, for the appellee, Mary Elizabeth Schwartz Brock.

**OPINION**

## I. FACTUAL BACKGROUND

The facts relevant to the issues of this appeal are concise. Mary Schwartz Brock ("Wife") and Jeffrey Brock ("Husband") were married in August 1996. After approximately nine years of marriage, Wife filed a Complaint for Divorce in December 2005. The parties have two daughters, and Husband's daughter from a previous marriage lived with the parties during their marriage.

In this case, several hearings occurred to determine a wide array of issues ranging from the division of marital property to child support.[1] The trial court entered an order declaring the parties divorced on June 5, 2007. On December 18, 2008, the trial court held a hearing to resolve the pending issues regarding spousal support, child support, and attorney's fees. After considering the evidence, the trial court ordered Husband to pay the following: $1,112 in child support per month (beginning September 1, 2009); $300 in spousal support per month for 60 months; and $8,500 as alimony in solido for Wife's attorney's fees and costs.

Thereafter, Husband filed a notice of appeal, challenging the trial court's decision to award spousal support and attorney's fees to Wife.[2]

## II. ISSUES

Husband raises the following issues on appeal:

1. Whether the trial court erred in awarding spousal support to Wife despite his inability to pay.

2. Whether the trial court erred in awarding attorney's fees to Wife.

As an additional issue, Wife submits that this court should award her attorney's fees for the costs associated with defending this appeal.

## III. STANDARD OF REVIEW

---

[1] Although several hearings have occurred in this case, no transcripts of those hearings were provided in the record. Husband filed a Statement of the Evidence for the last hearing in this case.

[2] While this matter was pending on appeal, Wife filed a Motion to Compel Payment of Alimony Pending Appeal, which the trial court heard on October 26, 2009. After the hearing, the trial court held:

The Court having also reviewed all of the financial information in this cause finds that Mother [Wife] has a financial need in this cause, which has been demonstrated to the Court, but Father [Husband] does not have the present ability to pay that need in full.

The Court further finds that in regards to the Petition filed regarding alimony, that this is an appropriate case for Jeffery Brock [Husband] to pay the alimony as previously ordered, and the same shall not be stayed by this Court.

On appeal, we review the decision of a trial court sitting without a jury de novo upon the record, accompanied by a presumption of correctness of the trial court's findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

### A. Spousal Support

Husband challenges the trial court's decision to award spousal support to Wife. He claims that he does not have the means to continue paying alimony to Wife. After paying alimony and child support to Wife along with his other financial obligations, Husband asserts that he has a deficit of $1,104.00 per month. He argues that the trial court erred in applying the statutory factors of Tenn. Code Ann. § 36-5-121(i), and that the factors – specifically his ability to pay –weigh against an award of spousal support to Wife.

Tennessee law accords a trial court with broad discretion to award spousal support. Tenn. Code Ann. § 36-5-12; *Bratton v. Bratton*, 136 S.W.3d 595, 605 (Tenn. 2004). As such, "[a]ppellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes." *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998); *see also Broadbent v. Broadbent*, 211 S.W.3d 216, 220 (Tenn. 2006).

Tennessee law recognizes four classes of alimony that may be awarded either in combination or alone: rehabilitative alimony, alimony in futuro, alimony in solido, and transitional alimony. The General Assembly has expressed a legislative policy favoring an award of rehabilitative alimony over other types of alimony. Tenn. Code Ann. § 35-5-101(d)(1); *Self v. Self*, 861 S.W.2d 360, 361 (Tenn. 1993). The unique circumstances of each case guide the decision to award spousal support, but the most important consideration is the need of the recipient spouse, followed by the obligor spouse's ability to pay. *Riggs v. Riggs*, 250 S.W.3d 453, 457 (Tenn. Ct. App. 2007) (citing *Robertson v. Robertson*, 76 S.W.3d 337, 342 (Tenn. 2002)). After the trial court determines that spousal support is appropriate, the court then weighs the relevant statutory factors in Tenn. Code Ann. § 36-5-121(i) in determining the nature, amount, and period of time of the award.[3] We review the trial court's

---

[3]Tenn. Code Ann. § 36-5-121(i) (2010) provides the following relevant factors for a court to consider:

(continued...)

-3-

findings of fact de novo upon the record accompanied by a presumption of correctness. Tenn. R. App. P. 13(d); *Crabtree v. Crabtree*, 16 S.W.3d 356, 360 (Tenn. 2000).

In the instant case, the trial court found that the award of alimony to Wife was appropriate "based upon the facts of this case, as well as the statutory factors. . . ." The Statement of Evidence indicates that Husband testified at the hearing via telephone. At the hearing, Husband testified that he earns a net income of $5,600 per month with monthly expenses totaling $6,710. Wife testified that she earns $1,612 per month, and at the time of the hearing, she received $795 in monthly child support. Wife's monthly expenses totaled $3,055. The trial court found that Wife "had a need, which was greater than Sgt. Brock's [Husband's] ability to pay," and ordered Husband to "pay $300 per month in rehabilitative alimony for a period of Sixty (60) months, beginning January, 2010."

After reviewing the record, we fail to find that the trial court erred. As stated earlier, a trial court has wide latitude in determining whether to award alimony. *Ingram v. Ingram*,

---

[3](...continued)

(1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;

(3) The duration of the marriage;

(4) The age and mental condition of each party;

(5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

(7) The separate assets of each party, both real and personal, tangible and intangible;

(8) The provisions made with regard to the marital property, as defined in § 36-4-121;

(9) The standard of living of the parties established during the marriage;

(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and

(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

721 S.W.3d 262, 264 (Tenn. Ct. App. 1986). In this case, the trial court's decision to award rehabilitative alimony for a definite period is supported by the evidence and statutory factors. The record includes exhibits that outline the monthly obligations and income of both Husband and Wife. Husband has a military career that has provided education and training, while Wife has worked several service industry jobs. Wife's exhibit clearly demonstrated a need for spousal support. Wife's need coupled with the difference in the parties' relative earning capacity and available financial resources justifies the trial court's award of rehabilitative alimony. *See* Tenn. Code Ann. § 36-5-121(i)(1). Accordingly, we affirm.

## B. Attorney's Fees

Husband takes issue with the trial court's award of alimony in solido in the form of attorney's fees to Wife. The trial court entered a judgment of $8,500 against Husband for Wife's attorney's fees. Husband argues that the evidence preponderates against such an award because of his outstanding financial obligations and inability to pay.

In response, Wife asserts that the award of attorney's fees was appropriate and that the trial court did not abuse its discretion in awarding attorney's fees to her. Wife also submits that she is entitled to an award of attorney's fees for the costs incurred in defending this appeal.

An award of attorney fees constitutes an award of alimony in solido and need is the critical factor when determining whether to award attorney's fees. *See Eldridge v. Eldridge*, 137 S.W.3d 1, 24-25 (Tenn. Ct. App. 2002). The decision to award attorney's fees is within the trial court's discretion and that decision cannot be overturned without a clear abuse of discretion. *See Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995). Under the abuse of discretion standard, this court is bound by the principle that the trial court "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *Deakins v. Deakins*, E2008-00074-COA-R3-CV, 2009 WL 3126245, at *7 (Tenn. Ct. App. Sept. 30, 2009) (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). A trial court abuses its discretion when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999) (citation omitted). An appellate court cannot substitute its judgment for that of the trial court. *See Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

With that principle in mind, we do not find that the trial court committed an abuse of discretion in awarding the cost of attorney's fees to Wife. Pursuant to Tenn. Code Ann. § 36-5-103(c), Wife seeks an award of attorney fees incurred in this appeal. Exercising our

discretion, we grant Wife's request. Thus, we remand this case to the trial court for proceedings to determine the reasonable amount of such fees.

## V. CONCLUSION

The judgment of the trial court if affirmed. We remand this case to the trial court for further proceedings consistent with this Opinion. Costs on appeal shall be taxed to the appellant, Jeffery Brock.


_____
JOHN W. McCLARTY, JUDGE