**Sam Harris INGRAM,
Plaintiff-Appellee,**

v.

**Betty Ann White INGRAM,
Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Sept. 19, 1986.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 24, 1986.

Henry Haile, Nashville, for plaintiff-appellee.

Richard F. LaRoche, Sr., Murfreesboro, for defendant-appellant.

OPINION

CANTRELL, Judge.

On this appeal the appellant attacks the trial judge's refusal to award her permanent periodic alimony.

As a part of the divorce decree awarding the appellee a divorce on the statutory

ground of three years separation, T.C.A. § 36–4–101(12), the trial judge divided the marital property and awarded the appellant alimony at $2,000.00 per month for one year and then at $1,750.00 per month for the following four years. In addition, the court ordered the appellee to reimburse the appellant for any medical expenses not covered by insurance during the same five-year period. In announcing his decision from the bench, the trial judge indicated that he did not have the authority to order the payment of alimony on a permanent basis.

The appellant insists that the court should have awarded her alimony at $2,000.00 per month, along with all unreimbursed medical expenses, until her death or remarriage.

In her first issue the appellant asserts that the trial judge was in error in holding that he could not award long-term alimony. Parenthetically, we note that the statutes now speak in terms of "maintenance and support" rather than "alimony". However, old habits are hard to break and we will, I'm sure, continue to use the terms interchangeably. Back to the first issue, in her assertion the appellant is correct if the trial judge meant to say that under no circumstances could he award long-term alimony. Although the Code says that an order for support and maintenance should be rehabilitative and temporary, T.C.A. § 36–5–101(d), that section goes on to say that whenever rehabilitation is not feasible the court may order the payment of support and maintenance on a long-term basis. Therefore, the trial judge may award long-term support and maintenance if in his or her opinion rehabilitation is not feasible.

If, on the other hand, the trial judge meant that a long-term award was not proper in this case, then the decision would have to be examined.

The record shows that the parties were married for thirty-five years and had two grown sons. The appellee holds a Ph.D. degree; he has served as President of Middle Tennessee State University for the last eight years. The appellant does not have a college degree nor has she worked outside the home in twenty-five years. At the time of the hearing she was fifty-four years old.

The appellee lives in the President's home furnished by M.T.S.U. His take-home pay is $45,600.00 a year. The appellant now lives in a four bedroom apartment in a quadraplex owned by the parties and awarded to her in the division of the marital property.

The appellant suffers from hypoglycemia but is able to keep her blood sugar at an acceptable level by eating regularly and taking an occasional snack when she feels the need. At the time of the hearing she had consulted a doctor only once in the prior year.

The statute, T.C.A. § 36–5–101(d), lists some factors that should be taken into account in deciding whether to order support and maintenance payments and in setting the appropriate amount and length of term of such payments. Some of these factors militate in favor of a substantial long-term order of support for the appellant; e.g. the relative earning capacity and financial resources (including pensions) of each party, the relative education and training of each party, the duration of the marriage, the physical condition of each party, and the extent to which the appellant contributed to the appellee's education and training. On the other hand, the trial judge is also required to consider the provisions made with regard to the division of marital property.

In this case, in dividing the marital property, the trial judge awarded the appellant real property worth approximately $154,000.00, cash and marketable securities worth approximately $56,000.00, and other personal property valued at $15,500.00. The appellee got a farm, cattle, and farm equipment worth $74,900.00, and cash in the amount of $11,500.00. The balance of the appellee's portion of the property consisted of two automobiles (worth $4,200.00), the cash value of his life insurance ($8,758.00), and the present value of his pension fund ($59,800.00). According to

her own valuations, the appellant received property worth $225,000.00 and the appellee received property worth approximately $159,500.00.

The trial judge then ordered the appellee to pay the appellant in cash $24,000.00 in monthly payments during the next year, and $21,000.00 for the four years thereafter, a total of $108,000.00 over the five-year period. In addition, the appellee must pay any uninsured medical expenses incurred by the appellant over the same period.

▪▪▪ The amount of alimony to be allowed in any case is a matter for the discretion of the trial court in view of the particular circumstances. *Newberry v. Newberry,* 493 S.W.2d 99 (Tenn.Ct.App.1973). The appellate courts are disinclined to review such discretion except in cases where it has manifestly been abused. *Crouch v. Crouch,* 53 Tenn.App. 594, 385 S.W.2d 288 (1964). Considering all the facts in the record, we are convinced that the trial judge did not abuse his discretion in this case. We think that the substantial award of marital property to the appellant along with the temporary alimony award demonstrates the trial judge's proper consideration of the factors set out in T.C.A. § 36–5–101(d).

▪▪▪ Although the appellant does not raise an issue about the failure of the trial judge to award her attorney fees, she does pray in her brief for the award of attorney fees for this appeal. Under our view of the case the appellant has assets with which to pay her own attorney. Therefore, an award of attorney fees is not required in this case. *See Harwell v. Harwell,* 612 S.W.2d 182 (Tenn.Ct.App.1980).

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Rutherford County for any further proceedings necessary. Tax the costs on appeal to the parties equally.

TODD, P.J., and KOCH, J., concur.