PEGGY NORINE (RANDOLPH)      )
GAVIN,                       )
                             )
        Petitioner/Appellant,)
                             )    Appeal No.
v.                           )    M1999-02755-COA-R3-CV
                             )
NEIL FRANCES GAVIN,          )    Wilson General Sessions
                             )    No. 5838
        Respondent/Appellee. )

FILED

March 30, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE GENERAL SESSIONS COURT FOR WILSON
COUNTY

AT LEBANON, TENNESSEE


THE HONORABLE ROBERT HAMILTON, JUDGE



JOHN R. PHILLIPS, JR.
Phillips & Ingrum
117 East Main Street
Gallatin, Tennessee 37066
        ATTORNEY FOR PETITIONER/APPELLANT


JESSICA DAWN DUGGER
GREGORY S. GILL
Rochelle, McCulloch & Aulds
109 Castle Heights Avenue North
Lebanon, Tennessee 37087
        ATTORNEYS FOR RESPONDENT/APPELLEE




AFFIRMED AND REMANDED


                              WILLIAM B. CAIN, JUDGE
        O P I N I O N

This appeal involves the dissolution of a ten-year marriage. The Wife is the appellant, and on appeal, she challenges the trial court's asessment of alimony, the court's failure to award her attorney fees, and the court's distribution of marital property. We affirm the decision of the trial court with regard to all issues.

Peggy Norine (Randolph) Gavin ("the Wife") and Neil Frances Gavin (the "Husband") were married in Putnam County, Tennessee on June 11, 1988 and were divorced after trial by the General Sessions Court of Wilson County on July 29, 1998. At the time of the divorce, the Wife was 44 years of age the Husband 38 years of age. Divorce was granted to the Wife on the ground of the Husband's adultery. No issue is raised on appeal concerning the grant of divorce or the ground upon which it was granted.

By her first issue on appeal, the Wife questions the adequacy of rehabilitative alimony as ordered by the court. Factors to be considered by the trial court in an award of alimony are set forth in Tennessee Code Annotated section 36-5-101(d):

> (A)    The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
>
> (B)    The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
>
> (C)    The duration of the marriage;
>
> (D)    The age and mental condition of each party;
>
> (E)    The physical condition of each party, including, but not limited to, physical disability or incapacity due to chronic debilitating disease;
>
> (F)    The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

2

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property as defined in § 36-4-121;

(I) The standard of living of the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

In setting rehabilitative alimony in the amount of $1,000 per month for one year, the trial court stated:

> So, then that would basically be, again to the husband: $81,395.00. And to the wife: $133,435. It's approximately a 37-63% split on it.
>
> And, I do that basically just on the idea that, I don't think the wife really has owed to her the right to be kept up in the lifestyle that she has experienced for those 10 years for the rest of [her] life.
>
> But, I think something is owed there because I think the husband is going to be able to recover from this a lot more than the wife will.
> . . .
> And, I think as a transition period, I am going to allow an alimony of $1,000.00 a month for 12 months.

Under Rule 13(d) of the Tennessee Rules of Appellate Procedure, the findings of fact of the trial court are not to be disturbed on appeal unless the evidence preponderates against such findings. In this case, the record shows that the Wife, prior to and during the marriage of the parties, held various positions of employment as a bookkeeper, office manager and sales person. Her gross income for 1997 was $19,333, achieved while working a 28 hour work week.

3

This court has held:

> Trial courts have broad discretion over awards for alimony. Determinations concerning the amount and duration of rehabilitative alimony are factually driven and require balancing the many factors contained in T.C.A. § 36-5-101(d). Appellate courts are not inclined to alter a trial court's alimony determination unless the trial court's discretion has been manifestly abused.

*Herrera v. Herrera*, 944 S.W.2d 379, 387-88 (Tenn. Ct. App. 1996) (citations omitted). Considering the length of the marriage, the unequal distribution of marital property favoring the Wife and the earning capacity of the Wife, we cannot say that the trial court abused its discretion in setting the amount of rehabilitative alimony at $1,000 per month for a period of twelve months. *See Crain v. Crain*, 925 S.W.2d 232, 233-34 (Tenn. Ct. App. 1996).

The Wife next contends that the trial court erred in not requiring the Husband to pay part or all of her attorney fees. In the division of marital property, the Wife received net assets of $152,791.52 while the Husband received marital assets in the amount of $87,900.64. Under these circumstances, we cannot say that the evidence preponderates against the trial court action in requiring the Wife to pay her own attorney fees. *Duncan v. Duncan*, 686 S.W.2d 568 (Tenn. Ct. App. 1984); *Ingram v. Ingram*, 721 S.W.2d 262 (Tenn. Ct. App. 1986).

The Wife next questions the trial court's distribution of marital property and its holding that certain property was the separate property of the Husband. We hold that the preponderance of the evidence supports the action of the trial judge in all aspects of his determination of property rights. In so holding, we note that, contrary to the Wife's assertion, the trial court did not classify the Husband's British Aerospace pension as his separate property. The Wife argues on appeal that the lower court erred by classifying this pension as separate property. While we agree that the record contains an ambiguous statement regarding the classification of this property, we hold that the court made its determination of the parties' property rights upon a finding that the pension was marital property, not separate property.

The ambiguity arises from the trial court's language at the close of the hearing at which time the judge made the following statement: "$27,000.00 to the husband. Probably, that may be all separate. Well, he worked for British Airways part of the time." Despite this language, moments later, the court clearly stated two times its intention to give the Husband "$60,000 as separate property," an amount which reflected an entire $50,500.00 separate A.G. Edwards IRA account plus $9,500.00 of another A.G. Edwards account. Furthermore, the final divorce decree draws a significant distinction. While the decree awards the $50,500.00 and the $9,500.00 to the Husband as his pre-marital separate property, the court awards the $27,000.00 pension account to him to be his separate property upon the award.

> 2. THAT Husband shall be awarded the AG Edwards SEP/IRA account (account #66-245454) in the approximate amount of Fifty Thousand Five Hundred Dollars ($50,500.00) as his separate property, free and clear of any and all claims of Wife. *This account represents Husband's pre-marital credits.*
>
> 3. THAT Husband shall be awarded his British Aerospace Pension Account (account #9965-033592) in the approximate amount of Twenty Seven Thousand Five Hundred Dollars ($27,500.00) as his sole and separate property, free and clear of any and all claims of Wife.
> . . .
> 7. THAT Husband shall be awarded the A.G. Edwards Account (account #66-245446) in the approximate amount of Thirty Two Thousand Seven Hundred Forty Seven Dollars and Eight Cents ($32,747.80) as his sole and separate property, free and clear of any and all claims of Wife. *The sum of Nine Thousand Five Hundred Dollars ($9,500.00) of said account represents Husband's pre-marital credit.*

(emphasis added). In light of this language in the decree as well as the court's statements at the end of the hearing, we find that the trial court's division of property was based upon a classification of the Husband's British Aerospace pension as marital property.

The judgment of the trial court is in all respects affirmed. Costs of this appeal are assessed against the parties equally and the case is remanded to the trial court for such further proceedings as may be necessary.

5

_____
WILLIAM B. CAIN, JUDGE

CONCUR:


_____
BEN H. CANTRELL, P.J., M.S.


_____
PATRICIA J. COTTRELL, JUDGE