# IN THE COURT OF APPEALS OF TENNESSEE
# AT JACKSON
February 20, 2001 Session

## PHILLIP OWEN PAGE v. LUCILLE GREER PAGE

**Direct Appeal from the Circuit Court for Shelby County**
**No. 160522    John R. McCarroll, Jr., Judge**

---

### No. W2000-01314-COA-R3-CV - Filed May 15, 2001

---

This appeal arises from a divorce action to end a twenty-five year marriage. Wife was forty-nine years old and who served as a homemaker for the majority of the marriage. Husband was also forty-nine years old and worked as a sales manager earning approximately $95,000 in salary and a bonus check that varied based upon the profit of his employer. This bonus check was typically $40,000. Wife was granted a divorce on the grounds of inappropriate marital conduct and awarded rehabilitative alimony of approximately $40,000 a year for the next five years, as well as alimony *in solido* of 25% of Husband's bonus check for the next five years. Wife was also awarded 50% of husband's retirement plan. Wife appealed arguing that she was entitled to an award of alimony *in futuro*, to a larger yearly alimony award, and that an award of alimony *in solido* based upon the future earnings of Husband could not be granted. We affirm as modified.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., joined. HOLLY K. LILLARD, J. filed a separate opinion concurring in part, dissenting in part.

Robert A. Wampler, Memphis, Tennessee, for the appellant, Lucille Greer Page.

William W. Dunlap, Jr., Memphis, Tennessee, for the appellee, Phillip Owen Page.

### OPINION

After twenty-five years of marriage, Phillip Page (Husband) filed for divorce on October 2, 1998 alleging irreconcilable differences. Lucille Page (Wife) filed an answer and counterclaim citing the same allegation. Both parties later amended their complaints to allege inappropriate marital conduct by the other party.

At the time of trial, Husband was a forty-nine year old sales manager earning approximately $95,000 per year with a yearly bonus based upon his company's earnings. Wife

was age forty-nine with a B.S. in Business Education. She had been unemployed for nineteen years due to the fact that she served as a homemaker for the majority of the marriage. After the separation, Wife began attending State Tech in Memphis to develop her computer skills.

The trial court granted Wife a divorce on the grounds of inappropriate marital conduct. The court split the marital property in the manner agreed by the parties. Wife requested an award of alimony *in futuro*, but this request was denied. The court instead granted Wife rehabilitative alimony that varied between $30,000 and $42,000 a year for a period of five years.[1] Wife was also awarded twenty-five percent (25%) of Husband's net bonus check each year for the next five years as alimony *in solido*.[2] In addition, Wife was awarded fifty percent (50%) of Husband's pension. This appeal followed.

The issues presented by the appellant, as we perceive them, are as follows:

I.       Did the trial court err in the type of alimony awarded to Wife?

II.      Did the trial court err in the amount of alimony awarded to Wife?

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. *See* Tenn. R. App. P. 13(d). Accordingly, we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); Tenn. R. App. P. 13(d). With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

> Trial courts have broad discretion to determine whether spousal support is needed and, if so, its nature, amount, and duration. *Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998); *Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996). "Appellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes ." *Kinard*, 986 S.W.2d at 234.

---

[1]The actual award of rehabilitative alimony varied by years as follows:

| | |
|---|---|
| Year 1 | $36,000 |
| Year 2 | $39,000 |
| Year 3 | $42,000 |
| Year 4 | $30,000 |
| Year 5 | $30,000 |

[2]This check usually amounts to $40,000.

*Fraysier v. Fraysier,* No. E2000-02485-COA-R3-CV, 2001 WL 194351, at *3 (Tenn. Ct. App.Feb. 27, 2001).

**Type of Award**

Section 36-5-101(d)(1) of the Tennessee Code states that

[i]t is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance. Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient . . . . Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony. In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:
    (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
    (B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
    (C) The duration of the marriage;
    (D) The age and mental condition of each party;
    (E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;
    (F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;
    (G) The separate assets of each party, both real and personal, tangible and intangible;
    (H) The provisions made with regard to the marital property as defined in § 36-4-121;
    (I) The standard of living of the parties established during the marriage;
    (J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-101(d)(1) (Supp. 2000).

The preference for rehabilitative alimony over alimony *in futuro* was set forth by our Supreme Court in *Self v. Self*, 861 S.W.2d 360, 361 (Tenn. 1993):

[Tenn. Code Ann. § 36-5-101 (d)(1)] reflects an obvious legislative policy that, if possible, the dependency of one ex-spouse on the other be eliminated and both parties be relieved of the impediments incident to the dissolved marriage, and that an ex-spouse be adjudged permanently dependent upon the other only when the court granting the divorce finds that economic rehabilitation is not feasible and long-term support is necessary.

It is clear from the opinion in *Self* that a trial court should grant alimony in futuro only when rehabilitation is not feasible and such long term support is necessary. *See also Storey v. Storey*, 835 S.W.2d 593, 597 (Tenn. Ct. App. 1992). The trial court must, therefore, make a threshold determination that, considering all relevant factors, rehabilitation of the economically disadvantaged spouse is not feasible. *See Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. Ct. App. 1995).

*Fraysie*r, 2001 WL 194351, at *4.

In the case before us, it is clear that the trial court properly considered and rejected the request for alimony *in futuro*. The trial court stated in its oral conclusions that "I think that Mrs. Page is entitled to some rehabilitative alimony, and I think it ought to be for a period of five years." In addition, the court unequivocally rejected alimony *in futuro*. "I don't think there should be any periodic alimony until she remarries or dies; I think it ought to be just rehabilitative." The trial court specifically stated that "pursuant to T.C.A. 36-5-101" Husband "shall pay to [Wife] rehabilitative alimony for a period of five (5) years." As the trial court properly considered the relevant factors as provided under section 36-5-101 of the Tennessee Code, and because we do not find the trial court's award of spousal support to be contrary to the evidence or to public policy, we hereby affirm the trial court's award of rehabilitative alimony.[3]

---

[3]"[A]n award of rehabilitative alimony remains modifiable by the courts. Tenn. Code Ann. § 36-5-101(d), in pertinent part provides:

An award of rehabilitative, temporary support and maintenance shall remain in the court's control for the duration of such award, and may be increased, decreased,

(continued...)

We note that Wife has also argued that an alimony *in solido* award cannot be based on future earnings.[4]  Alimony *in solido* is normally not based on future earnings, however, "[e]xtreme circumstances could arise where it might be necessary to do so." ***Record v. Record***, No. W2000-01294-COA-R3-CV, 2000 WL 1880275, at *10 (Tenn. Ct. App. Dec. 28, 2000) (quoting ***Aleshire v. Aleshire***, 642 S.W.2d 729, 733 (Tenn. Ct. App. 1981)).  Upon consideration, we find that the award to one spouse of a yearly bonus check that varies in amount does not qualify as an "extreme circumstance" allowing the court to award a percentage of such bonuses to the other spouse as alimony *in solido*.  However, in light of the factors listed in section 36-5-101(d)(1) of the Tennessee Code, we find that the award to Wife of a percentage of Husband's bonus check is correct.  As such, we hereby modify this award and find that Wife should be awarded twenty-five percent (25%) of Husband's bonus check as part of her rehabilitative alimony.  The finding of the trial court is affirmed as modified.

## Amount of Award

"The amount of alimony to be allowed in any case is a matter for the discretion of the trial court in view of the particular circumstances, for the appellate courts are disinclined to review such discretion except in cases where it has manifestly been abused." ***Hanover v. Hanover***, 775 S.W.2d 612, 617 (Tenn. Ct. App. 1989) (citing ***Ingram v. Ingram***, 721 S.W.2d 262 (Tenn. Ct. App. 1986)).  Upon our review of the facts and circumstances surrounding the amount of alimony awarded by the trial court in this case, we find that the court did not manifestly abuse its discretion.  As such, we hereby affirm the amount of alimony awarded by the trial court.

## Conclusion

Based on the foregoing conclusions, we hereby affirm the trial court judgment as

modified.  Costs on appeal are assessed against the Appellant, Lucille Page, and her surety, for which execution may issue if necessary.

---

[3](...continued)

> terminated, or extended, or otherwise modified upon a showing of substantial and material change in circumstances.

Thus, the courts retain authority during the period of rehabilitation to modify the award as changing circumstances may require.  *See Self v. Self*, 861 S.W.2d [360,] 363; *Loria v. Loria*, 952 S.W.2d 836, 838; *see also Wiseman v. Wiseman*, No. 03A01-9612-CV-00392, 1997 WL 418495, at *2 (Tenn. Ct. App. Jul. 28, 1997), *perm. app. denied*; *Sommerville v. Sommerville*, No. 01-A-01-9502-CV-00070, 1995 WL 498943, at *1 (Tenn. Ct. App. Aug. 23, 1995) (*no perm. app. filed*)."

*Stockman v. Stockman*, No. 01A01-9801-CH-00026, 1999 WL 617637, at *4 (Tenn. Ct. App. Aug. 17, 1999).

[4]Wife refers specifically to the award of 25% of Husband's bonus check.

_____
DAVID R. FARMER, JUDGE