IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 23, 2002 Session

# WILLIAM HARWELL PERRY v. RICKI C. CHILDS PERRY

**Direct Appeal from the Chancery Court for Tipton County**
**No. 16, 505; The Honorable Martha Brasfield, Chancellor**

---

**No. W2001-01350-COA-R3-CV - Filed March 21, 2002**

---

The Appellant and the Appellee were divorced by final decree of divorce entered by the Chancery Court of Tipton County. The trial court ordered the Appellant to pay the Appellee rehabilitative alimony on a temporary basis for two years. The trial court stated that the parties would return to court prior to the expiration of the two year period to determine whether rehabilitative alimony should continue. Prior to the expiration of the two year period, the Appellee filed a petition to modify the final decree of divorce to continue alimony payments and a petition for contempt. The Appellant filed a petition for an order closing rehabilitative alimony. The trial court held a hearing on the petitions. Following the hearing, the trial court ordered the Appellant to pay the Appellee rehabilitative alimony for three additional years. The trial court ordered the Appellant to pay the Appellee's attorney's fees.

       The Appellant appeals the decision of the Chancery Court of Tipton County ordering the Appellant to pay the Appellee rehabilitative alimony for three additional years and ordering the Appellant to pay the Appellee's attorney's fees. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., (by separate concurrence in part and dissent in part) and HOLLY KIRBY LILLARD, J., (by separate concurrence) joined.

J. Thomas Caldwell, Ripley, TN, for Appellant

Julie D. Byrd, Tina Lum Perrusquia, Bartlett, TN, for Appellee

## OPINION

### I. Facts and Procedural History

The Appellant, William Harwell Perry ("Mr. Perry"), and the Appellee, Ricki C. Childs Perry ( "Ms. Perry"), were divorced by final decree of divorce entered by the Chancery Court of Tipton County on November 16, 1998. In the findings of fact incorporated into the final decree of divorce, the trial court found that Mr. Perry would earn over $40,000.00 in 1998, and Ms. Perry would earn $16,640.00 in 1998. The trial court ordered Mr. Perry to pay Ms. Perry rehabilitative alimony in the amount of $700.00 per month on a temporary basis through December 31, 2000. Prior to December 31, 2000, the parties would return to court at which time the trial court would determine whether the rehabilitative alimony should continue. The trial court stated, "Continuance of the alimony shall be based upon Mrs. Perry's needs, her return to school, her progress made at school, her grades and any other factors which may be relevant to this issue."

On March 18, 1999, Ms. Perry filed a petition for writ of scire facias and contempt of court. The petition alleged that Mr. Perry had failed to pay Ms. Perry rehabilitative alimony for the months of January, February, and March, 1999. On November 3, 2000, Ms. Perry filed a petition to modify the final decree of divorce to continue alimony payments and a petition for contempt. On December 20, 2000, Mr. Perry filed a petition for an order closing rehabilitative alimony. On March 1, 2001, a hearing was held on the petitions.

Ms. Perry and Mr. Perry testified that they were both forty-seven years old and were high school graduates. Ms. Perry testified that she worked as a seamstress and earned an annual income of $21,736.00. She stated that the summer following the divorce, she enrolled in a community college to earn an associate's degree in engineering drafting. Ms. Perry claimed that she did not enroll in the community college immediately following the divorce because Mr. Perry did not pay rehabilitative alimony until March, 1999. She testified that she had a 3.2 grade point average and that at her current course load, she would complete the engineering drafting program in five years. Ms. Perry filed an affidavit of income and expenses stating that her apartment and utility expenses were $835.00 per month, her car payment was $309.00 per month, and her living expenses were $1,010.25 per month.

Mr. Perry testified that he had worked as a dock worker for the past twenty-two years and also worked as an emergency medical technician. He claimed that he earned an annual income of $38,000.00 in 2000. Mr. Perry stated that for the past three years, he had been living in a thirty-foot camper-trailer and kept his personal property in a rented space because he could not afford anything better. He testified that he sustained a leg injury at work on December 4, 2000 and had been drawing worker's compensation disability until late February, 2001.

On May 11, 2001, the trial court entered an order on Ms. Perry's petition to modify the final decree of divorce to continue alimony payments and petition for contempt and on Mr. Perry's petition for an order closing rehabilitative alimony. The trial court found Mr. Perry in contempt of

court for failure to pay Ms. Perry rehabilitative alimony during the months of January, February, and March, 1999. The trial court found that prior to the hearing, Mr. Perry paid Ms. Perry the rehabilitative alimony he owed for January, February, and March, 1999. The trial court found that Ms. Perry needed a continuation of rehabilitative alimony based on her testimony at the hearing. The trial court ordered Mr. Perry to pay Ms. Perry rehabilitative alimony for three additional years in the amount of $550.00 per month from January 1, 2001 until June 30, 2002, and thereafter, $400.00 per month from July 1, 2002 until December 31, 2003. The trial court ordered Mr. Perry to pay Ms. Perry's attorney's fees in the amount of $800.00. This appeal followed.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III. Law and Analysis

The following issues are presented for our review:

1. Whether the trial court erred by ordering the continuation of rehabilitative alimony;
2. Whether the trial court erred by awarding attorney's fees to Ms. Perry; and
3. Whether this Court should award attorney's fees and costs on appeal.
We will address each issue in turn.

The first issue presented for our review is whether the trial court erred by ordering the continuation of rehabilitative alimony. The trial court has broad discretion concerning the amount, type, and duration of spousal support based on the particular facts involved. See Watters v. Watters, 959 S.W.2d 585, 593 (Tenn. Ct. App. 1997). The trial court's decision is entitled to great weight on appeal and will not be disturbed absent a showing of abuse of discretion. See id. (citing Aaron v. Aaron, 909 S.W.2d 408, 410 (Tenn. 1995); Luna v. Luna, 718 S.W.2d 673, 675 (Tenn. Ct. App. 1986)); Wilson v. Moore, 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996). Accordingly, this Court is not inclined to alter a trial court's award of alimony "unless it is not supported by the evidence or is contrary to the public policy embodied in the applicable statutes." Brown v. Brown, 913 S.W.2d 163, 169 (Tenn. Ct. App. 1994) (citing Gilliam v. Gilliam, 776 S.W.2d 81, 86 (Tenn. Ct. App. 1988); Ingram v. Ingram, 721 S.W.2d 262, 264 (Tenn. Ct. App. 1986)).

The trial court stated that during the November 16, 1998 hearing, it was unsure whether Ms. Perry actually intended to return to school. Thus, the trial court declined to make a final decision on the amount and duration of rehabilitative alimony. Rather, the trial court decided that Mr. Perry would pay Ms. Perry rehabilitative alimony on a temporary basis for two years. The trial court stated that prior to the end of the two year period, the trial court would assess whether rehabilitative

alimony should continue. The trial court enumerated four factors it would examine in making its decision: Ms. Perry's needs, her return to school, her grades, and her progress made at school. Two years later, the trial court heard proof on the four factors. Ms. Perry submitted an affidavit of income and expenses which showed a monthly net income of $1,303.35 and monthly expenses of $2,154.25. Thus, the affidavit showed that Ms. Perry had a need of approximately $850.00 per month. Ms. Perry testified that she enrolled in a community college after Mr. Perry begin paying rehabilitative alimony. Ms. Perry claimed that she maintained a 3.2 grade point average in school and would graduate in five years. At the close of the hearing, the trial court ordered the rehabilitative alimony to continue for an additional three years.

Mr. Perry argues that the trial court erred by ordering the continuation of rehabilitative alimony because Ms. Perry failed to show a substantial and material change in circumstances. Section 36-54-101(d)(2) of the Tennessee Code states that "[a]n award of rehabilitative, temporary support and maintenance shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances." TENN. CODE ANN. § 36-54-101(d)(2) (Supp. 2000). We agree that a person seeking to modify a final award of rehabilitative alimony must show a substantial and material change in circumstances. When the trial court fails to make a final award of rehabilitative alimony, however, it is not necessary to show a substantial and material change in circumstances to modify a temporary, open-ended award of rehabilitative alimony.

In the case at bar, the trial court took a "wait and see" approach to awarding rehabilitative alimony. The trial court stated that it was uncertain whether Ms. Perry actually intended to return to school. The trial court declined to make a final decision with regard to rehabilitative alimony until it could determine whether Ms. Perry had returned to school, how she was doing in school, and her financial needs while attending school. Thus, the trial court ordered Mr. Perry to pay rehabilitative alimony on a temporary basis for two years until the trial court could better assess Ms. Perry's educational and financial situation. Because the trial court ordered a temporary, open-ended award of rehabilitative alimony, we find that Ms. Perry did not have to show a substantial and material change in circumstances in order to be awarded a continuation of rehabilitative alimony. From our review of the record, we further find that the trial court did not abuse its discretion in ordering Mr. Perry to continue to pay rehabilitative alimony to Ms. Perry for an additional three years. Accordingly, we affirm the trial court's decision ordering the continuation of rehabilitative alimony.

The second issue presented for our review is whether the trial court erred by awarding attorney's fees to Ms. Perry. The decision to award attorney's fees is within the sound discretion of the trial court. See Richardson v. Richardson, 969 S.W.2d 931, 936 (Tenn. Ct. App. 1997) (citation omitted). An appellate court will not overturn a trial court's award of attorney's fees absent an abuse of discretion. See Garfinkel v. Garfinkel, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996).

In the case at bar, Mr. Perry argues that the trial court abused its discretion by awarding attorney's fees to Ms. Perry in the amount of $800.00. Ms. Perry's attorney informed the trial court that her usual fee was $150.00 per hour; however, Ms. Perry presented no proof as to the actual time

expended by her attorney. At the hearing, Mr. Perry was aware that Ms. Perry presented no proof regarding attorney's fees, but we are unable to find any objection in the record as to the award of attorney's fees. We find that the trial court was in a position to determine the reasonable value of services rendered by Ms. Perry's attorney, and we conclude that $800.00 was a reasonable estimate of attorney's fees. We find no abuse of discretion on the part of the trial court in its award of attorney's fees. Accordingly, we affirm the trial court's award of attorney's fees to Ms. Perry.

The third issue presented for our review is whether this Court should award attorney's fees and costs on appeal. Ms. Perry requests this Court to award her attorney's fees and costs necessitated by this appeal. We respectfully deny Ms. Perry's request for attorney's fees and costs on appeal.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, William Harwell Perry, and his surety, for which execution may issue if necessary.

 

 

_____
ALAN E. HIGHERS, JUDGE