\ IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 14, 2002 Session

## JERRY DWAYNE NOE v. MELISSA DAWN NOE (BARNES)

**Appeal from the Chancery Court for Cheatham County**
**No. 10676     Leonard W. Martin, Chancellor**

_____

**No. M2001-02223-COA-R3-CV - Filed August 7, 2002**

_____

This is an appeal by the Wife in a divorce case complaining of the disposition of marital property. The Husband also complains about an award of alimony in solido against him.  We affirm the Chancellor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and VERNON NEAL, SP. J., joined.

Lawrence D. Wilson, Nashville, Tennessee, for the appellant, Melissa Dawn Noe (Barnes).

Jennifer F. Noe, Ashland City, Tennessee, for the appellee, Jerry Dwayne Noe.

### OPINION

Jerry Dwayne Noe ("Husband") and Melissa Dawn Barnes ("Wife") were married on September 7, 1991.  Twins were born to the marriage but one died shortly after birth.  The Husband filed a complaint for divorce on November 22, 2000 on the grounds of inappropriate marital conduct and irreconcilable differences.  An answer and counter-complaint were filed by the Wife on December 6, 2000 alleging that the Husband was guilty of cruel and inhuman treatment, abandonment, and that irreconcilable differences existed between the parties.

On February 4, 1994, the parties acquired 3.20 acres of land by quit claim deed from the Wife's parents, Larry and Sandra Barnes.  The parties constructed a home on the land.  Both of the parties' family members and friends contributed to the building of the marital residence either by manual labor or by financial contribution.  In March of 1998, the parties started a landscaping business called D & D Landscaping.  The business acquired certain assets and liabilities.  The Husband left the marital residence in September 2000.  The trial in this case was heard on May 31, 2001.

On July 23, 2001, the trial court issued the Final Decree holding in pertinent part:

2.     The Court hereby finds that the parties have acquired real property located at 3241 Thomasville Road, Chapmansboro, Tennessee, during the marriage that is marital property as well as certain items of personal property which is outlined in Exhibit 6 and was stipulated by the parties.

3.     In reviewing the marital residence it appears that there is equity of $37,228.62 according to the appraisal and the payoff on the first and second mortgage. The court hereby finds that the deed to the property was jointly titled and that all equity is marital property in which each side is awarded a one half interest of $18,614.31.

4.     The wife is hereby awarded the marital residence and shall be liable for the first and second mortgage as well as all taxes. The wife shall have husband released from both the mortgage's either by the lender releasing him or by the wife refinancing both debts as soon as possible but no later than one year. Wife shall indemnify and hold husband harmless of said debts.

5.     The wife is hereby awarded the personal property as established in the Offer of Settlement of Personal Property as filed by the Plaintiff which is Exhibit 7 with the exception of the 1998 Chevrolet Lumina. The total value of the personal property shall also be equally divided with a setoff to the husband.

6.     Each party is awarded their separate property as outlined in their stipulated exhibits listing separate property which is Exhibit 5. Husband's separate property is a hunting rifle, boat, fishing equipment, clothing items of personal nature, stereo, parts washer, generator, guns & a quilt. Wife's separate property is her jewelry, guns, fishing equipment, microwave, glass coffee table, and glass bamboo dinning suite. The wife is awarded the 1968 Chevrolet Camaro as the custodian of Conner Dwayne Noe and said vehicle is held in trust for the minor child.

7.     The parties have a credit card debt of $8,200.00 which the court finds as a joint marital debt which each party is liable for one half or $4,100.00. The court hereby finds that the wife is responsible for the Credit Card debt and shall indemnity and hold husband harmless.

8.     The court awards the business of D & D Landscaping to the Plaintiff along with all equipments and profits as listed in Exhibit 4. The husband shall be solely liable for the current debt of the business which said debts are on the Great Dane Mower, the Ex Mark Mower and on the payback to Mr. Noe's brother for the payments he has made on the Great Dane Mower. All assets and liabilities of business as stipulated to by the parties are listed in Exhibit 4. Husband shall

indemnify and hold wife harmless for said debt and liabilities. The court finds in reviewing Exhibit 4 as stipulated to by the parties that the business has a minimum value after deducting liabilities.

9. The husband shall receive the 1997 GMC four wheel drive truck and be solely responsible for the debt on the vehicle. Husband shall indemnify and hold wife harmless of said debt. The court finds that is has no value due to the fact that more is owed on the vehicle that it is worth.

10. The court hereby find that the husbands one half interest of personal property is $11,225.00 after deducting $250.00 for the John Boat and tools that he is receiving that is owed to him as well as $18,614.31 for the one half of interest in the marital residence for a total of $29,839.31. Husband is liable for one half of the Credit Card debt of $4,100.00 which brings his total due to him at $25,739.31. The parties own a 1998 Chevrolet Lumina that is paid for with a value of $10,000.00. The court hereby awards solely to the Husband the 1998 Chevrolet Lumina. The court gave the wife the option of purchasing the vehicle and paying to the husband $10,000.00 which she declined.

11. The remaining $15,739.31 left owed to the husband as his one half share is hereby awarded to the wife as alimony in solido. Said alimony is intended to be an award to cover all rehabilitative alimony and to offset wife's attorney fees and defray the expense of the lawsuit.

Review of the record in this case indicates that the major marital asset of the parties is their marital home which is encumbered by two mortgages totaling $97,771.38 leaving an equity of $37,228.62. The business known as D&D Landscaping had a taxable loss in 1999 of $3,908.00 and a taxable income of $2,189.00 in the tax year 2000. The trial court held this business appears to have a minimum value for distribution as marital property. It likewise appears that the 1997 GMC 4-wheel drive truck, though marital property, has no value since it is undisputed that more is owed on the vehicle than it is worth. The trial court, after determining to divide the marital property equally, found the Husband to have a gross, marital property share including half interest in the personal property and half interest in the residential equity, having a value of $29,839.31. The Chancellor then deducted one-half of the credit card debt of $4,100.00 to be paid by the Husband and the $10,000.00 value of the 1998 Chevrolet Lumina leaving the Husband a net value of $15,739.31 as his share of the marital property. This amount was then awarded to the Wife as rehabilitative alimony and to offset Wife's attorney's fees and defray the expense of the lawsuit. The Wife was awarded the marital residence but also required to get the Husband released and held harmless from the $97,000.00 indebtedness on the house.

On appeal, Wife argues that the trial court erred by dividing marital property equally as opposed to equitably, erred in its division of marital property by not considering all factors required

by Tennessee Code Annotated section 36-4-121(c), and in allocating all debt to the Wife. Husband argues that the trial court erred in its award of $15,734.31 as alimony in solido.

The trial court is obligated to equitably divide the marital property in a divorce case without regard to fault. Tenn. Code Ann. § 36-4-121(a)(1). Trial courts have broad discretion in determining what is equitable in a given case. *Batson v. Batson*, 769 S.W.2d 849 (Tenn. Ct. App. 1988). The trial court's classification and division of marital property is reviewed de novo with a presumption that the trial court's factual findings are correct. *Waters v. Waters*, 959 S.W.2d 585, 588 (Tenn. Ct. App. 1997). The trial court's division of marital property is entitled to great weight on appeal, *Edwards v. Edwards*, 501 S.W.2d 283 (Tenn. Ct. App. 1973), and should be presumed correct unless the evidence preponderates otherwise. *Lancaster v. Lancaster*, 671 S.W.2d 501 (Tenn. Ct. App. 1984).

In exercising its discretion, the trial court must weigh the factors set forth in Tennessee Code Annotated section 36-4-121(c) which include:

> (1)    The duration of the marriage;
>
> (2)    The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
>
> (3)    The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
>
> (4)    The relative ability of each party for future acquisitions of capital assets and income;
>
> (5)    The contribution of each party to the acquisition preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
>
> (6)    The value of the separate property of each party;
>
> (7)    The estate of each party at the time of the marriage;
>
> (8)    The economic circumstances of each party at the time the division of property is to become effective;
>
> (9)    The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;

(10) The amount of social security benefits available to each spouse; and

(11) Such other factors as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-4-121(c).

When marital assets in this case are compared to marital debt encumbering the marital property, there was little equity to divide. The decision of the trial court to make an equal distribution of net marital assets was within his sound discretion.

After careful examination of the record in this case, we cannot find that the evidence preponderates against the trial court's division of the marital property or that it was inequitable in light of the relevant factors contained in Tennessee Code Annotated section 36-4-121(c).

The appellee complains of the trial court action in awarding an amount equal to his net share of the marital assets distribution ($15,739.31) to the appellant as alimony in solido.

> Trial judges have broad discretion to determine whether spousal support is needed and, if so, its nature, amount, and duration. *See Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996); *Jones v. Jones*, 784 S.W.2d 349, 351 (Tenn. Ct. App. 1989). Appellate courts are generally disinclined to second-guess a trial judge's spousal support decision unless it is not supported by the evidence or is contrary to the public policies reflected in the applicable statutes. *See Brown v. Brown*, 913 S.W.2d at 169; *Ingram v. Ingram*, 721 S.W.2d 262, 264 (Tenn. Ct. App. 1986).

*Kinard v. Kinard*, 986 S.W.2d 220, 234 (Tenn. Ct. App. 1998).

We see no reason to second guess the trial court's broad discretion in this award of alimony in solido.

The judgment of the trial court is in all respects affirmed and costs assessed against the appellant. The case is remanded to the trial court for such further proceedings as may be deemed appropriate.

_____
WILLIAM B. CAIN, JUDGE