# IN THE COURT OF APPEALS

## AT KNOXVILLE

| | |
|---|---|
| LORI LEE GRISSOM (BROWN), | ) C/A NO. 03A01-9902-CV-00061 |
| | ) |
| Appellant, | ) KNOX CIRCUIT |
| | ) |
| vs. | ) HON. BILL SWANN, |
| | ) JUDGE |
| JEFFREY DONALD GRISSOM, | ) |
| | ) REVERSED AND |
| Appellee. | ) REMANDED |

JACK W. PIPER, JR., O'CONNOR, PETTY, CHILD & BOSWELL, Knoxville, for Appellant.

ROBERT L. CROSSLEY, THE CROSSLEY LAW FIRM, P.C., Knoxville, for Appellee.

# O P I N I O N

Franks, J.

In this action, the Trial Judge determined the former husband (husband) was no longer obligated to make alimony payments to the former wife (wife), as agreed upon by the parties in their Marital Dissolution Agreement.

This matter was previously before the Court on appeal after the Trial Judge, allowing only legal arguments and no witnesses, ruled that the monthly payments terminated as a matter of law upon the wife's remarriage. This Court remanded, holding that "an evidentiary hearing is required in order to determine the intention of these parties and arrive

at the justice of the case".

Upon remand, an evidentiary hearing was held, and the Trial Court then entered its findings of fact and conclusions which can be summarized as follows:

1.      The termination on death provision was added to the alimony paragraph in order to make the payments taxable to wife and deductible to husband.

2.      The alimony payments were support and not property division.

3.      The parties and the attorneys then representing the parties intended that the alimony payments would not be modified unless the wife died, otherwise they would continue for the ten year period.

4.      The alimony was not calculable on the date the Final Decree was entered.

5.      Chapter 96 of the Public Acts of 1994 (T.C.A. §36-5-101(a)(2)(B)) should be applied to this alimony obligation, such that it would automatically terminate as of the date of wife's remarriage on May 26, 1995, and amended the parties' Marital Dissolution Agreement in accordance therewith.

6.      Husband can recover from wife the sum of $1,275.00, which represents the alimony paid to her since the date of her remarriage, since she did not give husband notice of her remarriage.  (Execution of this money judgment was stayed pending conclusion of this appeal, but interest was ordered at the statutory rate from the date of the court's order forward.)

The Trial Judges' finding of fact come to us with a presumption of correctness, unless the evidence preponderates otherwise, but the conclusions made by the Trial Judge come to us without presumption of Correctness.  T.R.A.P. Rule 13(d).

When the parties were divorced they executed a  Marital Dissolution Agreement which was incorporated in the Final Decree, and provides, in pertinent part:

Husband shall pay the Wife as alimony in solido the sum of $221,000.00, which alimony in solido shall be payable $425.00 per week for ten (10) years, or 520 consecutive weeks, on Fridays of each week, beginning the first Friday after the Final Judgment of Divorce is entered, however, the alimony in solido monthly payments shall terminate upon the Wife's death.

Within one year of the parties' divorce, the wife remarried, and the husband filed a Petition for Contempt of Court and Modification of the Final Decree, which raised the issue of whether the monthly payments should be terminated due to the wife's

remarriage. Significantly, both parties and their attorneys testified that they believed the payments would continue for the entire ten-year period, unless the wife died. All witnesses further testified that no other conditions were imposed that would terminate the alimony. The wife testified that she and the husband discussed whether she might remarry, and she told the husband that "there is no way that I could answer that". The wife testified that she and the husband discussed that if she did remarry, the alimony would not end. The husband testified that he "didn't feel like she would remarry".

Every witness except the husband testified that "alimony in solido" meant alimony that was not modifiable. The husband and his attorney testified that they reviewed the Marital Dissolution Agreement before husband signed it, and felt that it accurately reflected the parties' agreement.

The record before us supports the findings of fact made by the Trial Court, that the parties intended the payments would not be modified and that the parties intended the payments would be financial security for wife in lieu of her continued employment in the parties' business. T.R.A.P. Rule 13(d). However, we conclude that the Trial Court's determination that the this obligation terminated automatically as a result of the wife's remarriage pursuant to T.C.A. §36-5-101(a)(2)(B), is erroneous. This statute provides:

> In all cases where a person is receiving alimony in futuro or alimony the amount of which is not calculable on the date the decree was entered, and that person remarries, the alimony in futuro or alimony the amount of which is not calculable on the date the decree was entered, will terminate automatically and unconditionally upon the remarriage of the recipient. The recipient shall notify the obligor of the remarriage timely upon remarriage. Failure of the recipient to timely give notice of the remarriage will allow the obligor to recover all amounts paid as alimony in futuro or alimony the amount of which is not calculable on the date the decree was entered, to the recipient after the recipient's marriage.

"A basic principle of statutory construction is to ascertain and give effect to legislative intent without unduly restricting or expanding the intended scope of a statute. This means the Court must examine the language of a statute and, if unambiguous, apply its ordinary and

plain meaning." *Parks v. Tennessee Mun. League Risk Management Pool,* 974 S.W.2d 677, 679 (Tenn. 1998).

T.C.A. §36-5-101 is subtitled "Decree for support of spouse and children - Modification - Delinquencies." The entire section deals with instructing trial courts on making awards of alimony/child support, the factors which may be properly considered to determine the amount, etc. The subsection in question [(a)(2)(B)] follows directly after the subsection which authorizes the court to "provide for the future support of a spouse" by setting an amount to be paid in monthly, semimonthly, or weekly installments. T.C.A. § 36-5-101(a)(2)(B) applies when the court has ordered alimony in futuro, not when the parties have contractually bound themselves to a fixed alimony provision. T.C.A. § 36-4-103(a)(2), by contrast, specifically provides that parties may enter into a Marital Dissolution Agreement which "may include the obligation and payment of alimony, in solido or in futuro, to either of the parties, any other provision of the law notwithstanding."

Further, the language of T.C.A. §36-5-101(a)(2)(B) expressly provides that it only applies to "alimony in futuro or alimony the amount of which is not calculable on the date the decree was entered", and does not expressly provide that it applies to awards of alimony in solido. *See, e.g.*, *Isbell v. Isbell*, 816 S.W.2d 735 (Tenn. 1991) (where the Supreme Court held that the language of T.C.A. §36-5-101(a)(3) demonstrates that the presumption that a former spouse now living with a third party no longer needs support only applies to awards of alimony in futuro.) Based upon the language of the statute, the legislature did not intend for this statute to apply to alimony in solido.

The case of *Self v. Self*, 861 S.W.2d 360 (Tenn. 1993), is instructive. In that case, the trial court ordered "alimony in solido" in the amount of $3,000.00 per month for 48 months, with the payments to terminate upon wife's death or remarriage, and with the payments being tax deductible to the husband. When the wife later sought to extend the term of these payments, the trial court found that it had lost jurisdiction because the

alimony was in solido and thus not modifiable once the order became final. The Supreme Court upheld the trial court's ruling, explaining that the alimony was for a set period of time, and the contingency that it would terminate upon wife's death or remarriage would not defeat its purpose. *Id.* at 363. *Also see Isbell v. Isbell*, 816 S.W.2d 735 (Tenn. 1991), citing with approval *Gerlach v. Gerlach*, 1988 Tenn. App. LEXIS (October 6, 1988); *Bowers v. Bowers*, 1997 Tenn. App. LEXIS 583 (August 28, 1997). In these cases, the court upheld an award of alimony which was paid in installments as alimony in solido, even though the sum was not specified.

In the case before us, the Marital Dissolution Agreement provided for the total sum to be paid, and the weekly amount of the installment payments and their duration. The Agreement further expressly stated that the alimony was "in solido" in at least three places. The fact that the payments would terminate upon the wife's death does not render the amount indefinite. *Self,* 861 S.W.2d at 363. *Also see Towner v. Towner*, 858 S.W.2d 888 (Tenn. 1993), and *Hussey v. Hussey*, 1996 Tenn. App. Lexis 219 (Apr.10, 1996).

The husband relies upon the unreported decision of *Barzizza v. Barzizza*, 1992 WL 139862 (Tenn. App.), where the Western Section of this Court broadly stated that "(a)s a matter of law, alimony payments subject to a contingency -- in this case Wife's death -- cannot be alimony in solido." Since that decision, the Supreme Court decided *Towner*, and *Self v. Self*, 861 S.W.2d 360 (Tenn. 1993). *See also Spencer v. Spencer*, 1995 Tenn. App. LEXIS 498 (July 19, 1995).

In sum, we hold that the parties did not intend for the payments to terminate unless the wife died. Further, we disagree with the Trial Judge that T.C.A. § 36-5-101(a)(2)(B), by operation of law, terminated these payments upon the remarriage of the wife. The foregoing authorities which we have discussed, demonstrate that the statute does not apply to this case.

We reverse the judgment of the Trial Court and remand for the entry of a

judgment in accordance with this Opinion.  The cost of the appeal will be taxed to the appellee.

                                          _____
                                          Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
D. Michael Swiney, J.