IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 8, 2012 Session

## SHONDA KAY FINCHUM v. DANNY WAYNE FINCHUM

**Appeal from the Circuit Court for Franklin County**
**No. 17155CV      J. Curtis Smith, Judge**

**No. M2012-00975-COA-R3-CV - Filed February 13, 2013**

Wife and Husband entered into a marital dissolution agreement whereby Husband agreed to pay Wife rehabilitative alimony for three years. Husband terminated these payments and filed a petition to modify when Wife remarried and her employment situation improved. Wife filed motion for summary judgment on the issue asserting that the alimony payments could not be modified or terminated. The trial court ruled the alimony payments could not be modified because they were contractual in nature and awarded Wife her attorney's fees. Husband appealed both the court's ruling as well as the award of fees. We reverse the trial court's judgment that the rehabilitative alimony payments are unmodifiable because the applicable statute expressly provides that a court may modify this type of alimony upon a showing of a substantial and material change of circumstances. We affirm the trial court's award of attorney's fees based on the language of the parties' agreement providing for the award of these fees.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Eric J. Burch, Manchester, Tennessee, for the appellant, Danny Wayne Finchum.

Joseph Eugene Ford, Winchester, Tennessee, for the appellee, Shonda Kay Finchum.

## OPINION

### I. BACKGROUND

Shonda Kay Finchum ("Wife") and Danny Wayne Finchum ("Husband") were

divorced in May 2009 following a ten-year marriage, during which they had two children. The parties filed a Marital Dissolution Agreement ("MDA") that the trial court approved providing, *inter alia*, that Husband would pay Wife rehabilitative alimony for a period of thirty months in the amount of $1,000 per month. The MDA stated that the alimony payments would terminate in June 2012 or upon Wife's death.

The parties filed an Amended MDA with the trial court in September 2009 in which Husband agreed to extend the period during which he would pay Wife rehabilitative alimony from thirty to thirty-six months. The Amended MDA stated, as did the initial MDA, that the alimony payments would terminate in June 2012 or upon Wife's death. The trial court approved the Amended MDA as filed and made it a part of its Order dated September 21, 2009.

Husband filed a Petition to Modify in September 2010 in which he sought to terminate his alimony payments and modify his child support payments based on Wife's remarriage and her increased wage-earning status. Wife answered Husband's petition and filed a counter-petition in which she alleged Husband was in violation of the court's Order by unilaterally terminating his alimony payments beginning in April 2010. Wife asked the court to award her the outstanding alimony payments, to find Husband in contempt of court, and to award her attorney's fees. Wife then filed a motion for partial summary judgment in which she asked the court to deny Husband's request to terminate his alimony obligation.

Following a hearing, the trial court granted Wife's motion for partial summary judgment. The court wrote in relevant part:

> APPEARING to the Court that the original Petitioner Danny Wayne Finchum stopped paying alimony pursuant to [the MDA] and filed a Petition seeking to modify the same alleging that the alimony was rehabilitative alimony in nature and therefore could be modified pursuant to Tennessee Code Annotated 36-5-121(e)(2), and it further

> APPEARING to the Court that the original Respondent Shonda Kay Finchum Cooper took the position that the alimony ordered was alimony in solido and that the same could not be modified pursuant to the terms of the case of *Grissom v. Grissom*, 15 S.W.3d 474 (Tenn. Ct. App. 1999), and it further

> APPEARING to the Court that the alimony order contained in the Marital Dissolution Agreement entered into by and between the parties pursuant to Tennessee Code Annotated 36-4-103(a)(2) was contractual in

nature pursuant to TCA § 36-5-121(e)(2) therefore it is not subject to modification as requested by the Petitioner, it is therefore

ORDERED, ADJUDGED and DECREED that the Motion for Partial Summary Judgment heretofore filed by the original Respondent Shonda Kay Finchum Cooper be and the same as hereby granted and it is declared by this Court that the alimony provisions contained in the marital dissolution agreement are contractual in nature between the parties and are not subject to modification, and it is further

ORDERED, ADJUDGED and DECREED that the original Petitioner Danny Finchum shall pay all past due alimony within thirty (30) days of the entry of this order, said alimony amount being sixteen thousand six hundred fifteen and forty four cents ($16,615.44).

The trial court then issued a final Order in April 2012 in which it found Husband in contempt of court for unilaterally stopping the payment of alimony before filing his petition to modify or terminate the alimony payments. The trial court granted Wife a judgment for her attorney's fees in the amount of $5,200.

Husband appealed the trial court's grant of partial summary judgment and its award of attorney's fees to Wife. Husband argues that he was paying rehabilitative alimony pursuant to the terms of the Amended MDA, not alimony in solido, and that rehabilitative alimony is modifiable as a matter of law. Husband also argues the court abused its discretion in awarding Wife her attorney's fees.

## II. ANALYSIS

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk Southern Railway Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Id.* Accordingly, this court must review the record *de novo* and make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been met. *Eadie v. Complete Co., Inc.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair v. West Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). Those requirements are that the filings supporting the motion show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Blair*, 130 S.W.3d at 764.

### A. Rehabilitative Alimony

The Tennessee legislature has determined that trial courts may award alimony in divorce cases and has described four different types that may be awarded: rehabilitative, in futuro, transitional, and in solido. Tenn. Code Ann. § 36-5-121. The MDAs the trial court approved in this case expressly provided for Husband to pay rehabilitative alimony to Wife until June 2012. Rehabilitative alimony is statutorily defined as follows:

> Rehabilitative alimony is a separate class of spousal support, as distinguished from alimony in solido, alimony in futuro, and transitional alimony. To be rehabilitated means to achieve, with reasonable effort, an earning capacity that will permit the economically disadvantaged spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties.

Tenn. Code Ann. § 36-5-121(e)(1).

As the statute provides, rehabilitative alimony is modifiable by the court at any time:

> An award of rehabilitative alimony shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of a substantial and material change in circumstances. . . .

Tenn. Code Ann. § 36-5-121(e)(2).

The trial court apparently determined the alimony Husband was paying to Wife was alimony in solido and, in reliance on the case *Grissom v. Grissom*, 15 S.W.3d 474 (Tenn. Ct. App. 1999), concluded the obligation was contractual in nature and could not be modified. Unlike this case, however, the MDA in *Grissom* specified that the husband would pay the wife alimony in solido for ten years. *Id*. at 475. The Court of Appeals in *Grissom* reversed the trial court's determination that the husband's alimony obligation terminated when the wife remarried because the alimony was in solido and "the parties ha[d] contractually bound themselves to a fixed alimony provision." *Id*. at 476.

The *Grissom* court relied in part on Tenn. Code Ann. § 36-4-103(a)(2), which refers to an MDA and states that "[t]he agreement may include the obligation and payment of alimony, in solido or in futuro, to either of the parties, any other provision notwithstanding." *Id*. The *Grissom* court then compared this provision with section 36-5-101(a)(2)(B), which at the time of the *Grissom* opinion stated that when a person who is receiving alimony in

-4-

futuro or alimony in an amount that is not able to be calculated when the decree was entered, and that person remarries, the alimony "will terminate automatically and unconditionally upon the remarriage of the recipient."[1]   Based on the language of the two statutory provisions, the *Grissom* court concluded that the husband's obligation to pay alimony in solido did not terminate upon the wife's remarriage.  *Id*. at 476-77.

Contrary to the trial court's conclusion here, we do not believe *Grissom* has any application to this case because both the MDA and the Amended MDA clearly identified the alimony as rehabilitative, not in solido.  Tennessee Code Annotated § 36-5-121(e)(2) is unequivocally clear that "[a]n award of rehabilitative alimony shall remain in the court's control for the duration of such award, and may be increased, decreased, terminated, extended, or otherwise modified, upon a showing of substantial and material change in circumstances."  The fact that Husband agreed to pay Wife rehabilitative alimony as part of an MDA does not mean the alimony cannot be modified or terminated, because the trial court adopted the Amended MDA as part of its Order and maintains control over the alimony as provided in the statute.

We disagree with Wife's argument that an examination of the parties' Amended MDA "leads to the inescapable conclusion . . . that Husband's obligation is not modifiable."  The parties did not specify, as Wife suggests, that the rehabilitative alimony was modifiable *only* upon the death of Wife.  As Husband notes in his brief, establishing rehabilitative alimony for a definite period of time does not transform the award into a different type of alimony or make it unable to be modified by the trial court.  To the contrary, rehabilitative alimony is granted for a specific duration.

Husband contends Wife's remarriage and her change in work status from part-time to full-time constituted a substantial and material change in circumstances such that Husband's petition should be considered.[2]  The trial court did not consider Husband's proof of a change in circumstances because it determined as a matter of law that Wife was entitled to continue receiving monthly alimony payments regardless of any proof of change in circumstances.  We hold the trial court erred in ruling that the alimony payments could not be modified.  Accordingly, we remand this case to the trial court to determine whether Husband can prove a substantial and material change in circumstances sufficient to warrant

---

[1]The comparable statutory provision today is section 36-5-121(f)(3), which states in relevant part: "An award for alimony in futuro shall terminate automatically and unconditionally upon the death or remarriage of the recipient."

[2]The parties' Amended MDA did not address whether Husband's alimony payments would be affected by Wife's remarriage.

a modification or termination of his rehabilitative alimony as of the date of his petition, which was September 1, 2010.

## B. Attorney's Fees

The trial court awarded Wife her attorney's fees as part of its final Order dated April 25, 2012. The basis for the court's award was that Husband was "in contempt of the prior orders of this Court . . . ." On appeal Husband contends the court abused its discretion in awarding these fees to Wife.

Husband does not dispute that he unilaterally stopped paying Wife rehabilitative alimony before he filed his petition with the court seeking to modify or terminate his payments. Moreover, Husband does not allege the trial court erred in finding him in contempt as a result. We recognize that the case law supports an award of attorney's fees as damages for a party's act of contempt. *See Reed v. Hamilton*, 39 S.W.3d 115, 119-20 (Tenn. Ct. App. 2000) (court upheld trial court's award of attorney's fees as damages for the defendants' violation of Tenn. Code Ann. § 29-9-105).

There are other bases for awarding Wife her attorney's fees. Tenn. Code Ann. § 29-9-103(c) provides for an award of attorney's fees incurred to enforce an award of alimony. In addition, the parties' Amended MDA expressly provides for an award of reasonable attorney's fees incurred as a result of a breach of the MDA.

However, in light of our holding that Husband's alimony payments are modifiable, Husband should be required to pay only those fees attributable to the contempt petition. The trial court should therefore determine on remand the amount of fees Wife incurred in those proceedings and award her only that amount.

## III. CONCLUSION

Costs of this appeal are assessed in equal parts against the appellant, Danny Wayne Finchum, and the appellee, Shonda Kay Finchum, for which execution shall issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE